## Office of Disciplinary Counsel v. Johnston

Disciplinary Board Docket nos. 160 D.B. 2002, 69 D.B. 2003, 89 D.B. 2003.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

BROWN, *Member,* December 15, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On January 23, 2003, Office of Disciplinary Counsel filed a petition for discipline at no. 160 D.B. 2002 against respondent, Mark Eugene Johnston. On May 20, 2003 a second petition for discipline was filed against respondent at no. 69 D.B. 2003. On August 20, 2003 a third petition for discipline was filed against respondent at no. 89 D.B. 2003. Of the nine separate charges of professional misconduct contained in the three petitions, five involve convictions of crimes and/or related summary offenses, one involves a violation of probation, one involves a false application for the Accelerated Rehabilitative Disposition program, and two involve failure to report criminal convictions to the Disciplinary Board. Respondent filed answers to all of the petitions. By order of the Disciplinary Board dated December 2, 2003, the three petitions for discipline were consolidated.

A disciplinary hearing was held on March 2, 2004, before Hearing Committee 2.12 comprised of Chair J. Scott Maxwell, Esquire, and Members Douglas M. Johnson, Esquire, and Cynthia L. Davidoff, Esquire. Respondent appeared pro se.

Following the submission of briefs by the parties, the Hearing Committee filed a report on June 30, 2004, and recommended that respondent be suspended for a period of three years.

This matter was adjudicated by the Disciplinary Board at the meeting of September 27, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania, is invested, pursuant to Pa.R.D.E. 207, with the power and duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

(2) Respondent, Mark Eugene Johnston, was born in 1962 and was admitted to practice law in Pennsylvania in 1991. His registration office address is Johnston and Associates, 518 Kimberton Road, No. 301, Phoenixville, PA 19460-4737.

(3) Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(4) Respondent has no history of prior discipline.

*Charge I—Delaware County Conviction I*

(5) On July 7, 1997, respondent entered a plea of guilty to the charges of knowing or intentional possession of a controlled substance and defiant trespass.

(6) Respondent was sentenced on July 8, 1997 by Judge Frank Hazel of the Delaware County Court of Common Pleas to one year probation on each count, to run consecutively for a total of two years of probation.

*Charge II—Chester County Conviction I*

(7) On January 29, 1997, respondent entered a plea of guilty to a charge of driving under the influence of alcohol.

(8) He was sentenced by Judge James E. MacElree II, of the Court of Common Pleas of Chester County to 12 months probation, a $600 fine, 32 hours of community service, and safe driving school.

*Charge III—Chester County Conviction II*

(9) On January 29, 1997, respondent entered a plea of guilty to false alarms to agencies of public safety.

(10) Respondent was sentenced by Judge James E. MacElree II, to 12 months probation, a $50 fine and 32 hours of community service.

*Charge IV—Violation of Probation*

(11) On February 12, 1997, during the term of respondent's 12-month probation, he used and consumed alcoholic beverages in an abusive or excessive manner, in

violation of the terms of his probation. Respondent was administered a breath test and the test proved positive for alcohol. Respondent admitted he drank alcohol on the date in question.

(12) On February 12, 1997, respondent left the Chester County Courthouse, contrary to the instructions of his probation officer not to leave, and in violation of the terms of his probation. Respondent had arrived at the courthouse at 8:30 in the morning and received a breath test, as noted above. When no one came to discuss the test with him, he left the courthouse.

(13) On February 12, 1997, respondent provided false information to the adult probation officer of Chester County, in that respondent indicated on his monthly report form that he had not used alcohol.

(14) On March 10, 1997, respondent tested positive for the use of cocaine, in violation of the terms of his probation. He admitted the use, which occurred a day or two before the test.

(15) On March 14, 1997, respondent again tested positive for cocaine and admitted to using it.

(16) On March 27, 1997, based on the aforementioned use and positive tests for illegal drugs and other actions, the Court of Common Pleas of Chester County found that respondent violated his probation.

(17) Based on the finding of probation violation, the court revoked respondent's probation and sentenced respondent to 14 days to 12 months imprisonment.

(18) On March 27, 1997, respondent was given credit for 14 days previously served, released from prison on

parole, and ordered to follow the terms of his probation and continue alcohol counseling.

## Charge V—False Application for ARD

(19) On February 28, 1986, respondent was arrested in Montgomery County and charged with DUI.

(20) Following the aforesaid charge, respondent made application and was admitted to the Accelerated Rehabilitative Disposition (ARD) program in Montgomery County.

(21) On or about March 14, 1995, respondent was arrested in Delaware County and charged with knowing or intentional possession of a controlled substance and defiant trespass.

(22) On October 18, 1995, respondent completed and signed a waiver of speedy trial/verification of criminal history in order to be admitted to the ARD program in Delaware County.

(23) The foregoing waiver and verification contained respondent's assertion at paragraph 4 that he had "never been arrested or charged with any criminal or vehicular offense as an adult or juvenile, whether the charges were dropped, dismissed or expunged, except for the charges which I am now requesting placement into the ARD program . . . ."

(24) Based on the foregoing waiver and verification and the representations respondent made therein, respondent was admitted to the ARD program in lieu of going to trial.

(25) The statement respondent made in the application was false in that respondent previously had been arrested for and charged with DUI, and placed in ARD in Montgomery County.

(26) On May 28, 1997, Judge A. Leo Sereni of the Court of Common Pleas of Delaware County, revoked respondent's ARD in Delaware County.

(27) The revocation of respondent's ARD stemmed from the fact that respondent had been admitted to the ARD program in Montgomery County and had not disclosed this fact in Delaware County.

*Charge VI—Failure to Report Criminal Conviction I*

(28) On July 7, 1997, after respondent's ARD was revoked, respondent entered a plea of guilty in the Court of Common Pleas of Delaware County to knowing or intentional possession of a controlled substance and defiant trespass, as noted above.

(29) Respondent did not report his conviction to the Disciplinary Board as required by the Rules of Disciplinary Enforcement.

*Charge VII—Failure to Report*
*Criminal Conviction II*

(30) Respondent failed to report to the Disciplinary Board his convictions for DUI and false alarms to agencies of public safety.

*Charge VIII—Delaware County Conviction II*

(31) On October 30, 2000, respondent entered a plea of guilty to the charges of DUI and driving with a suspended operator's license.

(32) Respondent was sentenced by Judge Frank Hazel of the Delaware County Court of Common Pleas to confinement for 30 days to 23 months, and a fine of $300 for the DUI; and 90 days confinement, a $1,000 fine, and 48 hours of community service for driving with a suspended license.

*Charge IX—Montgomery County Conviction*

(33) On November 10, 1999, respondent entered a plea of guilty to DUI and driving with a suspended operator's license.

(34) Judge Lawrence Brown of the Montgomery County Court of Common Pleas sentenced respondent to imprisonment of 30 days to 23 months, a $300 fine and costs, plus a $200 fine for driving with a suspended license.

*Other Findings*

(35) In May 2001, respondent was the subject of a parole violation hearing in Montgomery County and was incarcerated as a result.

(36) Respondent's violation of parole in Montgomery County was based on his failure to report to authorities his arrest in Delaware County in April 2000.

(37) In September 2002, respondent was the subject of charges of aggravated assault, simple assault, reck-

lessly endangering another person, harassment, and disorderly conduct in Chester County.

(38) Respondent entered a plea of guilty to the summary offenses of harassment and disorderly conduct.

(39) In July 2002, respondent was arrested on a bench warrant in Delaware County for failure to report to the George W. Hill Correctional Facility in January 2001, as he was required to do.

(40) In August 2002, respondent was the subject of a bench warrant request because he again failed to report to the George W. Hill facility.

(41) Respondent indicated at the hearing that he attends Alcoholics Anonymous five times per week, but provided no evidence to support that assertion.

(42) Respondent did not exhibit remorse for his misconduct.

### III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) Pa.R.D.E. 203(b)(1)—Conviction of a serious crime constitutes an independent basis for discipline.

(2) Pa.R.D.E. 214(a)—An attorney convicted of a serious crime shall report the fact of such conviction to the secretary of the board within 20 days of sentencing.

(3) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

## IV. DISCUSSION

This matter is before the board on three consolidated petitions for discipline filed against respondent charging violations of the professional rules arising from a series of criminal convictions and related conduct. An extensive stipulation of facts was reached by the parties and submitted at the time of the disciplinary hearing.

The evidence conclusively establishes that respondent has been convicted of one count of knowing or intentional possession of a controlled substance, three separate driving under the influence offenses over a three-year period from 1997 through 2000, filing false alarms to public agencies in 1997, driving under a suspended operator's license in 1999 and 2000, defiant trespass in 1997, disorderly conduct in 1997 and 2002, and harassment in 2002. Furthermore, respondent was found in violation of parole in 2001, and in violation of probation in 1997. Respondent failed to report his conviction in 1997 to the Disciplinary Board and failed to report his arrest and subsequent conviction in Delaware County in 2000 to the Montgomery County Probation Department. Respondent was the subject of two bench warrants for failure to report to prison in 2002. Respondent filed a false application for the ARD program and lied to his probation officer.

As with all disciplinary matters predicated on a criminal conviction, the issue before the board is the extent of discipline to be imposed on respondent. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982). Consideration is to be given to any aggravating

and mitigating factors. *Office of Disciplinary Counsel v. Valentino,* 556 Pa. 609, 730 A.2d 479 (1999).

Respondent presented no mitigating factors, other than the fact that he has no history of prior discipline. While respondent testified that much of his misconduct was attributable to alcoholism, he failed to corroborate this representation with other evidence, nor did he offer any expert testimony on the subject. Respondent has failed to establish that his alcoholism caused his misconduct, and is not entitled to mitigation. *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989).

The committee found as an aggravating factor that parts of respondent's testimony at the disciplinary hearing were not truthful, and as such questioned respondent's credibility. Specifically, respondent testified under oath that he had no "trouble" after 2000, a statement that was false, as he later admitted that he was arrested in Chester County in September 2002 and charged with misdemeanors, which were bargained down to summary convictions. Respondent's only explanation was that he just did not remember.

Respondent's multiple convictions and related actions can only be described as egregious in quantity and quality. Respondent has demonstrated a blatant disregard for the laws of this Commonwealth and the rules and regulations of the legal profession. Respondent has shown no remorse for his actions and seems unwilling to comprehend their seriousness. There is a clear need to impose a sanction that will protect the public and maintain the integrity of the bar. This will be accomplished by suspending respondent for a period of two years. While

the board is mindful that the Hearing Committee recommended a three-year suspension, we are persuaded that two years is more appropriate, in light of respondent's relative youth and inexperience in the practice of law, and the time required by the reinstatement process. Respondent will be required to prove his character and fitness at the end of that time, if he desires to practice law in Pennsylvania in the future.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, Mark Eugene Johnston, be suspended from the practice of law for a period of two years.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Members Saidis, McLaughlin and O'Connor dissented and would recommend a three-year suspension.

Board Vice-Chair Rudnitsky recused.

Board Member Nordenberg did not participate in the September 27, 2004 adjudication.

## DISSENTING OPINION

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

O'CONNOR, *Member,* December 15, 2004—While I agree with the findings of fact in the above matter, I respectfully dissent from the recommendation of the majority for a two-year suspension and would instead recommend a three-year suspension as recommended by the Hearing Committee.

The numerous charges, violations of the law, lack of candor and continued reluctance to comply with the Rules of Disciplinary Enforcement and Professional Conduct suggest a much more serious problem exists.

Had this been an isolated incident or even a few incidents over a short period of time I might agree with the majority; but that is not the case here, as we are dealing with three consolidated petitions.

The respondent shows a history of problems beginning in 1986 with numerous serious situations from 1995 to 2002. In addition to the numerous criminal convictions, the respondent filed a false affidavit, failed to report for a jail term, has been found by the Hearing Committee to be less than truthful, and also has exhibited no remorse for his misconduct.

A suspension of three years is much more appropriate and I would recommend the same.

## ORDER

And now, May 13, 2005, upon consideration of the report and recommendations of the Disciplinary Board and dissenting opinion dated December 15, 2004, the petition for review and response thereto and motion to dismiss with prejudice and response thereto, the motion

to dismiss with prejudice is dismissed as moot, and it is hereby ordered that Mark Eugene Johnston be, and he is suspended from the bar of this Commonwealth for a period of three years, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.